# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK STEVEN NORVELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1345 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| DR. ABDUL Q. KHAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DISMISSING CASE

Plaintiff initiated this *pro se* action by filing a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") on October 17, 2018 (Doc. 1). On October 18, 2018, this Court granted Plaintiff's Motion (Doc. 2) and the Clerk of Court filed Plaintiff's Complaint (Doc. 3). For the reasons below, the Court will dismiss this action for lack of subject matter jurisdiction.

## LEGAL STANDARD

After granting IFP status, the Court must dismiss a case on its own action if the allegations in the Complaint show no basis for the Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3); Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003); see also Johnson v. Philadelphia Housing Authority, 448 F. App'x 190, 192 (3d Cir. 2011). Federal courts are courts of limited jurisdiction, and the Court can exercise subject matter jurisdiction over this action only if this case arises "under the Constitution, law, or treaties of the United States," 28 U.S.C. § 1331, ("federal question jurisdiction") or if there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332, ("diversity jurisdiction").

"A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose

1

of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682–83 (1946)).

**ANALYSIS**

The substance of Plaintiff's claim, in its entirety, is as follows:

> I was given the wrong Medication Flowmax, for prediabetes and Bladder, which caused infections in prostate gland since 2010, By my PCP Doctor, Abdul Q. Khan which lead to urinary tract-infection that caused me pain and suffering for the past 8 years: Also, prostatitis: [sic.]

(Doc. 3, 5.)

Plaintiff asserts that the basis for this Court's jurisdiction is a federal question.[1] (Id. at 4.) Specifically, Plaintiff states as the basis for federal question jurisdiction: "First Amendment Rights protection, malpractice, against Dr. Abdul G. Khan." (Id.)

The First Amendment to the United States Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Through the Fourteenth Amendment to the Constitution, this prohibition against Congressional action also applies to the states, and to state action. See, e.g., Louisiana ex rel. Gremillion v. NAACP, 366 U.S. 293, 296 (1961) ("freedom of association is included in the bundle of First Amendment rights made applicable to the States by the Due Process Clause of the Fourteenth Amendment"). The First Amendment has no application to actions by private individuals who are not exercising state authority. E.g., Central Hardware Co. v. NLRB, 407 U.S. 539, 547

---

[1] Plaintiff does not assert diversity jurisdiction. For completeness, the Court notes that the information submitted strongly suggests that both parties are Pennsylvania citizens. Specifically, Plaintiff checked the box on his civil cover sheet indicating that he is a citizen of Pennsylvania, and also indicated that Defendant resides in Allegheny County, Pennsylvania. (Doc. 1-3.)

(1972) ("The First and Fourteenth Amendments are limitations on state action, not on action by the owner of private property used only for private purposes.").

Based on the factual allegations quoted above, the Court can infer no state action, and can infer no action that would violate the First Amendment even if state action were present. Other than Plaintiff's mention of the First Amendment, this case appears in all other respects to involve only a claim of medical malpractice by a patient's physician. The Court thus finds that any claims under the First Amendment are wholly insubstantial and frivolous, and cannot give rise to federal jurisdiction. See Arbaugh, 546 U.S. at 513 n.10. As the Court can discern no other basis for the exercise of its subject matter jurisdiction from the allegations in the Complaint, this action must be dismissed.

In sum, as Plaintiff has failed to allege facts that would establish this Court's subject matter jurisdiction, the Court finds that it lacks subject matter jurisdiction over this action, and that leave to amend would be futile in light of the nature of the events alleged.

Accordingly, Plaintiff's Complaint is DISMISSED for lack of subject matter jurisdiction, without prejudice to Plaintiff filing his claim in state court.

IT IS SO ORDERED.


October 23, 2018                                s/Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge



cc (via First-Class U.S. Mail):

MARK STEVEN NORVELL
3000 Locust Street
Apt 328
Pittsburgh, PA 15221